# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.B.**

**No. 18-1147** (Kanawha County 18-JA-356)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.B., by counsel Benjamin Freeman, appeals the Circuit Court of Kanawha County's November 29, 2018, order terminating his parental rights to A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda C. Dugas, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him of abandonment because the petition was not legally sufficient and because the DHHR failed to meet its evidentiary burden.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner abandoned the child due to his failure to provide the child with the necessary food, clothing, supervision, housing, or financial support of any kind. At the time, the child lived with his maternal grandmother, who assumed legal guardianship of the child after the mother voluntarily relinquished her parental rights during an earlier abuse and neglect proceeding. According to the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner raises no assignment of error concerning the termination of his parental rights.

record, petitioner retained his parental rights to the child following this prior matter. Thereafter, the DHHR served petitioner by publication.

In August of 2018, the circuit court held an adjudicatory hearing. Petitioner did not appear for the hearing, although he was represented by counsel. According to the record, petitioner's attorney was informed shortly before the hearing that petitioner was incarcerated on unrelated criminal charges. During the hearing, the DHHR presented testimony consistent with the petition's allegations. Specifically, a DHHR employee testified that the child was the subject of a prior abuse and neglect proceeding and that petitioner's parental rights remained intact following that proceeding. Testimony further established that there was no evidence that petitioner provided support of any kind for the child, despite the fact that he was ordered to pay the child's guardian $50 per month beginning in December of 2009. Ultimately, the circuit court found that petitioner abandoned the child due to his failure to provide him with the necessary physical, emotional, or financial support. Further, the circuit court found that "the evidence presented against [petitioner] was uncontroverted." Thereafter, at a dispositional hearing in October of 2018, the circuit court terminated petitioner's parental rights upon evidence that petitioner "has had no relationship with his child." It is from the dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, the Court finds no error in the proceedings below.

Petitioner's first assignment of error on appeal asserts that the circuit court erred in adjudicating him because the petition against him was legally insufficient. We note, however,

---

[3]In addition to termination of petitioner's parental rights, the child's legal guardian's rights were also terminated. The mother is deceased. According to the respondents, the permanency plan for the child is either adoption or legal guardianship in his current relative placement.

that petitioner has provided no citation to the record to establish that he raised this issue below. *See* W. Va. R. App. Pro. 10(c)(7) (requiring a petitioner's brief to "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"). While it is true that petitioner contested his adjudication factually, there is nothing in the record to show that petitioner filed a motion to dismiss the petition or otherwise asserted in the circuit court that the allegations contained therein were legally deficient. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va 818, 821, 679 S.E.2d 650, 653 (2009). Because petitioner failed to raise this issue below, we decline to address the argument on appeal.

Next, petitioner argues that his adjudication was erroneous because the DHHR failed to meet the applicable burden of proof.[4] In support of this assignment of error, petitioner argues that because the child was previously placed in a legal guardianship with his grandmother, petitioner could not have abandoned him. This argument, however, not only lacks a basis in the law but also actively undermines petitioner's position. Indeed, this Court has held that "[t]o the extent that *State ex rel. McCartney v. Nuzum*, 161 W.Va. 740, 248 S.E.2d 318 (1978), holds that a non-custodial parent can be found not to have abused and neglected his or her child it is expressly overruled." Syl. Pt. 1, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996). Here, petitioner did not exercise custody over the child, but this fact did not preclude the DHHR from asserting that he committed abandonment. As this Court directed, in "a situation in which apparently one [individual] has abused or neglected the children and [another] has abandoned the children, both allegations should be included in the abuse and neglect petition." *Id.*

Here, the record shows that petitioner retained his parental rights following the prior abuse and neglect proceeding that resulted in the child's placement with the grandmother. Rather than absolving petitioner of his responsibility to provide the child with support, the placement

---

[4]In support of this assignment of error, petitioner also briefly asserts that "the West Virginia Code requires Court[s] to consider the 'least restrictive alternative' in the disposition of abuse and neglect matters." According to petitioner, the Code further permits a child to be placed in a legal guardianship at disposition, which he asserts "already happened years ago." It appears that petitioner makes this argument in support of his assertion that he could not have abandoned the child because he was placed in a legal guardianship, as opposed to arguing that the specific disposition in this case was erroneous. Regardless, even assuming petitioner is arguing that disposition was inappropriate, we decline to address this issue because petitioner's passing reference to this issue fails to comply with the applicable rules regarding appellate briefs. W. Va. R. App. Pro. 10(c)(3) (requiring a petitioner's brief to include "a list of the assignments of error that are presented for review" and providing that "[t]he statement of the assignments of error will be deemed to include every subsidiary question fairly comprised therein"). Petitioner's assignments of error concern adjudication only, and, therefore, arguments concerning disposition cannot be said to constitute a subsidiary question fairly comprised therein.

with the grandmother was simply a byproduct of petitioner's abandonment. Although the DHHR chose not to seek termination of petitioner's parental rights during the earlier proceeding, it is clear that he had already "demonstrate[d] the settled purpose to forego the duties and parental responsibilities to the child." W. Va. Code § 49-1-201. According to the record, as early as 2009, petitioner was ordered to pay child support while the child was in the grandmother's care. Despite this order, evidence presented during the matter on appeal established that petitioner never provided the child support of any kind and, in fact, "had no relationship with his child." Accordingly, petitioner's argument that he could not abandon a child who was placed in the custody of someone else is without merit.

In support of this assignment of error, petitioner cites to an inapplicable statute regarding abandonment. Rather than relying on the definition of abandonment as set forth in West Virginia Code § 49-1-201, governing abuse and neglect proceedings, petitioner relies on West Virginia Code § 48-22-306, which sets forth a situation in which abandonment is presumed for purposes of adoption proceedings. The latter statute is simply not controlling, although it is important to note that, in regard to this statute, petitioner "will not contest" the fact that he "[f]ail[ed] to financially support the child within the means of the birth parent." W. Va. Code § 48-22-306(a)(1). Simply put, in order to establish that petitioner abandoned the child, the DHHR was required only to prove that petitioner "demonstrate[d] the settled purpose to forego the duties and parental responsibilities to the child." W. Va. Code § 49-1-201. Based on a review of the record, the DHHR satisfied this burden.

This Court has previously held as follows:

> "[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). On appeal, petitioner argues, simply, that the DHHR did not satisfy this burden because it provided little evidence to support its allegations against him. According to petitioner, "[t]he DHHR's tepid support of their allegation consists of one question . . . , 'Does [petitioner] provide food, clothing, shelter, any sort of social/emotional support for [the child] at all?'" Although petitioner recognizes that the witness's response to this question was "no," he argues this is simply insufficient to satisfy the burden of proof in this case. We do not agree. Simply put, the issue of whether petitioner abandoned the child was not complex and did not require extensive evidence. The facts of the case showed that petitioner never provided support of any kind to the child, even when required to do so by court order. There can be no more definitive proof of a parent's "settled purpose to forego the duties and parental responsibilities to the child" than a total abdication of any responsibility for the child. The DHHR established this fact and, as the circuit

court found, this evidence was totally uncontroverted.[5] Accordingly, we find that the DHHR satisfied its burden of proof and petitioner is entitled to no relief.[6]

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 29, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]On appeal, petitioner argues that he presented evidence that "he has seen his child and does what he can to stay in [the child's] life." However, petitioner's citation to the record in support of this assertion points to his testimony at the dispositional hearing. Given that this evidence was not presented at adjudication, it has no relevance to petitioner's assignment of error on appeal.

[6]In support of this assignment of error, petitioner further argues that the circuit court "should not have relied on the fact that the petitioner [was] incarcerated in its ruling in the present case." We note, however, that the circuit court was only informed of petitioner's incarceration at the outset of the adjudicatory hearing. Indeed, petitioner later confirmed that he was not incarcerated until August of 2018, approximately one month after the DHHR filed its petition. As such, it is clear that petitioner's incarceration following the petition's filing was irrelevant to the finding that petitioner's abandonment of the child was a condition "existing at the time of the filing of the petition." Indeed, a review of the record indicates that the finding of abandonment was based only upon petitioner's failure to provide support of any kind to the child, not upon his incarceration. Accordingly, we find that petitioner is entitled to no relief in this regard.

5